## THE HEALTH DEPARTMENT OF THE CITY OF NEW YORK, RESPONDENT, v. PATRICK H. LALOR, APPELLANT.

*Board of health of New York* — 1882, *chap.* 410, *secs.* 537 *and* 1089 — *the construc tion of drains in violation of its directions will be restrained.*

The plaintiff, who owned a plot of ground at the north-east corner of Lexington avenue and One Hundred and Twenty-second street in New York city, filed with the board of health, as required by chapter 450 of 1881, a plan of the plumbing and drainage of a row of seven houses which he proposed to erect upon the said lots. As there was no public sewer in Lexington avenue, he proposed to carry his drainage under the yards in the rear of the houses to the public drain in One Hundred and Twenty-second street. The board of health approved of his plan, but added thereto "on condition that the private sewer from said houses to the One Hundred and Twenty-second street sewer be laid under the roadway of the avenue and not through the yards or cellars of the houses." After vain efforts to procure a modification of this proviso, he made the connection through the yard as he had at first proposed, alleging as a reason for so doing, that the method adopted by the board of health was unnecessarily expensive and not absolutely necessary for the preservation of the public health.

*Held*, that a judgment restraining the defendant from executing the plumbing and drainage, in violation of the said provision inserted by the board of health, was proper and should be affirmed.

Appeal by the defendant from a judgment of the Special Term, restraining .him from executing the plumbing and drainage of certain houses, in violation of the directions of the board of health.

*M. J. Earley*, for the appellant.

*W. P. Prentice*, for the respondent.

Brady, J. :

In the spring of 1884 the defendant, being the owner of a plot of land situate on the north-easterly corner of One Hundred and Twenty-second street and Lexington avenue, in this city, determined to build upon it seven houses. At that time there was no public sewer in Lexington avenue upon which the houses were to front, and none has since been constructed there. There was, however, a sewer in One Hundred and Twenty-second street. In May, 1884, the defendant filed with the health department, under the provisions of chapter 450 of the Laws of 1881, a plan and specifications of the plumbing and drainage which he designed for the houses, and proposed to run the connection from the houses through and under the yards in the rear and off to the public sewer in One Hundred and Twenty-second street.

On the thirteenth of May the plaintiffs approved the plan and specifications, but added to the approval these words, to wit : "On condition that the private sewer from said houses to the One Hundred ˙and Twenty-second street sewer be laid under the roadway of the avenue and not through the yards or cellars of the houses." The defendant sought in various ways to have a modification of this proviso made so as to allow him to make the connection as stated in his plan, namely, to run the connection from the houses through and under the yards in the rear, which was steadily refused. But, nevertheless, he persisted and made the connection in violation of the condition to which reference has already been made, and did not cause the sewer from the houses to be laid under the roadway of the avenue. The reason for this consists chiefly in the expense which would be attendant upon it, coupled, it is true, with an assertion that it was not absolutely necessary for the preservation of the health of the city to do it in the manner directed by the plaintiffs.

The act of 1881 confers upon the board of health of the cities of

New York and Brooklyn power to determine the manner in which the drainage and plumbing of buildings erected in either of those cities shall be carried out.   Its language is that the " drainage and plumbing of all buildings, both public and private, hereafter erected in the city of New York or in the city of Brooklyn, shall be executed in accordance with plans previously approved in writing by the board of health of the said health departments of said cities, respectively."

And by the fifth section it is provided that any court of record shall have power, at any time after the service of notice of the violation of any of the provisions of this act, and upon the affadavit of one of the commissioners of health of the said cities, to restrain, by injunction order, the further progress of any violation named in the act, or of any work upon or about the building or premises upon which the violation exists.   And these provisions were substantially re-enacted in what is known as the Consolidation Act. (Laws of 1882, chap. 410, §§ 537 and 1089.)

If the defendant felt aggrieved by the determination of the board of health to have the drainage and plumbing of the houses, which he was about to construct, based upon their methods, it was his duty to seek relief from the courts and not to proceed as he did in violation of the rule which they had adopted.   The operation of a statute like the one under consideration may act in some cases oppressively by subjecting the party to an expense not absolutely necessary for the preservation of the public health.   But the exercise of the power conscientiously by the board of health will, in a large majority of instances, result greatly to the advantage of the health of the city by protecting the inmates of houses from the many ills to which an imperfect system of drainage and plumbing would subject them.   The act must be regarded, therefore, as a beneficent one.   It is in the nature of a police regulation, which should be enforced not despotically, but firmly and in the spirit in which it was conceived and passed, namely, for the preservation of the health of the city, and particularly of the persons who occupy premises as to which its provisions may be called into requisition.   The defendant was in error in making connections, or in the attempt so to do, in violation of the direction given by the plaintiffs, and the judgment pronounced against him in consequence is one that cannot be

disturbed. The health department being duly invested with the powers already suggested, and there being nothing presented for our consideration entitling the defendant to a reversal of the judgment, it must be affirmed.

For these reasons the judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.